Sandra C. MILLER, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Saint Thomas Moore Hospital, and Colorado Hospital Association Trust, Respondents.

No. 00CA1739.

Colorado Court of Appeals, Div. III.

May 24, 2001.

Rehearing Denied Oct. 18, 2001.

Certiorari Denied June 24, 2002.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Pueblo, CO, for Petitioner.

Ken Salazar, Attorney General, Mark W. Gerganoff, Assistant Attorney General, Denver, CO, for Respondent Industrial Claim Appeals Office.

Clifton, Hook & Bovarnick, P.C., Clyde E. Hook, Harvey D. Flewelling, Denver, CO, for Respondents Saint Thomas Moore Hospital and Colorado Hospital Association Trust.

Opinion by Judge NEY.

In this workers' compensation proceeding, Sandra C. Miller (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) insofar as it sets aside a penalty imposed under § 8–43–401(2)(a), C.R.S.2000, against St. Thomas Moore Hospital and the Colorado Hospital Association Trust (collectively respondents) for failure to pay medical benefits. We set aside the Panel's order and remand for reinstatement of the penalty.

Claimant sustained compensable injuries in 1993 and, in 1997, received an award of benefits for permanent partial disability and future medical treatment. In 1998, respondents filed a medical utilization review (MUR) of claimant's medical care. Two of the three MUR panel members opined that the services provided by the authorized treating physician were not related to the industrial injuries claimant had suffered. Nevertheless, a majority of the MUR panel did not recommend a change of physician order, and there also was no unanimous recommendation for a retroactive denial of payment under § 8–43–501(3)(c), C.R.S.2000.

Thereafter, respondents sent the following correspondence to claimant and her treating physician:

This communication is notification to all parties that further medical benefits are closed based on [the] Director['s] order of April 5, 1999[sic]. This order is pursuant to the Utilization Review and the majority findings that medical treatment as of April 8, 1997 (if not prior to this date) has not been "reasonably necessary to cure and relieve the claimant of the effects of the on the job injury". Previously authorized medical expenses will be paid to April 5, 1999 since retroactive denial of services was not unanimously ordered by the U.R. panel nor the Director. No further medical treatment will be authorized nor paid under the above referenced claim. [sic]

Claimant applied for a hearing, seeking medical benefits and an order imposing penalties for respondents' failure to authorize further medical treatment. The ALJ credited the opinion of the treating physician and rejected the contrary opinions of the two MUR panel members who had found the treatment unrelated to claimant's industrial injuries. The ALJ determined that the care and treatment proposed by the authorized provider was reasonable and necessary to maintain claimant's condition and that respondents were liable for the expense of it.

The ALJ further found that respondents willfully refused further medical care as contemplated under both the prior award of benefits and the Director's order in the MUR

proceeding, and they knew or should have known that their conduct was unreasonable. The ALJ, therefore, ordered respondents to pay a penalty equal to eight percent of the wrongfully withheld benefits pursuant to § 8–43–401(2)(a).

Respondents petitioned for review by the Panel, contesting both the award of medical benefits and the imposition of the penalty. The Panel upheld the award of medical benefits. However, it set aside the penalty determining that, as a matter of law, respondents' conduct was not "wrongful" within the meaning of § 8–43–401(2)(a).

Claimant now brings this appeal seeking to have the penalty restored. She contends that the Panel erred in reversing the penalty based upon its incorrect redetermination of the ALJ's factual finding and the resulting incorrect conclusion that respondents' actions were not illegal, unjust, or wrongful as a matter of law.

■ We conclude that the Panel erred in overturning the ALJ's finding that the withholding of treatment authorization was unreasonable, by determining that such withholding was not "wrongful," under § 8–43–401(2)(a), as a matter of law.

As relevant here, § 8–43–401(2)(a) provides that:

> If any insurer or self-insured employer *willfully* delays payment of medical benefits for more than thirty days or *willfully* stops payments such insurer or self-insured employer shall pay a penalty to the division of eight percent of the amount of *wrongfully* withheld benefits. (emphasis added)

"Willful" has been interpreted by a division of this court as conduct that is the result of deliberate intent; "wrongful" means unlawful or unjust action. *Sears v. Penrose Hospital,* 942 P.2d 1345 (Colo.App.1997), *overruled in part on other grounds, Holliday v. Bestop, Inc.,* 23 P.3d 700 (Colo.2001).

It is undisputed here that respondents' refusal to provide additional medical benefits was deliberate and, therefore, willful. Thus, the critical question in this matter is whether respondents' failure to authorize treatment also was wrongful.

**I.**

In *Sears v. Penrose Hospital, supra,* the ALJ had found that the employer acted "reasonably under the circumstances." Thus, a division of this court concluded that the conduct was not willful, because it was not deliberate, nor could it have been wrongful, because it was not unjust or unlawful.

■ In our view, it would follow that a factual finding of unreasonableness with regard to the withholding of treatment authorization is tantamount to a determination that the insurer's conduct was unjust or unlawful and, therefore, was wrongful under the statute. *See Sears v. Penrose Hospital, supra.*

Although the ALJ here did not enter an explicit finding that respondents' conduct was wrongful, the ALJ found that respondents knew or should have known their conduct was unreasonable, and, as a result, they violated their obligation to provide necessary medical care to claimant as recommended by her authorized attending physician.

Hence, the findings concerning the unreasonableness of respondents' actions satisfy us that the ALJ addressed the necessary element of wrongfulness and found that it existed.

**II.**

■ We note that in *Peterman v. State Farm Mutual Automobile Insurance Co.,* 8 P.3d 549 (Colo.App.2000), a division of this court concluded that a "wrongful" withholding of insurance proceeds, for the purposes of assessing interest thereon, requires only a failure to pay a benefit when due after a final determination is made of such obligation.

However, whether a legitimate controversy exists to support a penalty based on an insurer's conduct must be evaluated as of the time of the conduct. Otherwise, the "wrongful" component of such assessment would be a matter of strict liability after the fact; that is, the withholding always would be wrongful *ab initio* once a final determination has been made that the claimant was entitled to the benefits withheld, and the insurer would be

exposed to liability for penalties in every such case.

For that reason, while a determination of wrongful withholding for the purpose of assessing interest on withheld insurance benefits only requires a showing of a failure to pay benefits where there was an obligation to do so, *Peterman v. State Farm Mutual Automobile Insurance, supra,* in the case of an after-the-fact assessment of a penalty, as here, a finding of wrongful withholding must include a determination that the insurer's conduct was unlawful, unjust, or unreasonable, at the time of withholding.

### III.

■ Finally, we have reviewed the record and conclude there is substantial evidence to support the ALJ's finding of unreasonable conduct by the respondents.

■ A reviewing court must uphold the ALJ's factual findings under § 8–43–401(2)(a), if supported by substantial evidence and the plausible inferences drawn therefrom. The Panel and reviewing courts are bound to apply the substantial evidence test in determining whether the evidence supports the ALJ's findings of fact. *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995).

■ Hence, both the Panel and this court must view the evidence as a whole and in the light most favorable to the prevailing party, and we must also defer to the ALJ's credibility determinations and resolution of conflicts in the evidence. *See Metro Moving & Storage Co. v. Gussert, supra.*

The ALJ concluded that respondents refused to authorize further medical care, despite the order of the Director declining to enter either a change of physician order or a retroactive denial of payment. The ALJ also noted that respondents' refusal to authorize care prevented claimant's treating physician from providing any recommended treatment after August 4, 1998, and in essence, functioned as a complete termination of all medical care.

Although the ALJ could have drawn conflicting inferences from the medical evidence, the question to be resolved was factual in nature. We conclude that the finding of unreasonableness made by the ALJ was supported by the opinion of the treating physician, in combination with the circumstances surrounding the refusal to authorize.

Thus, we hold that the Panel erred in finding that respondents' conduct was not wrongful as a matter of law and in setting aside the ALJ's award of penalties against respondents. In view of our disposition, we need not address claimant's evidentiary challenges.

The Panel's order regarding the imposition of the penalty is set aside, and the cause is remanded with directions to reinstate the penalty.

JUDGE MARQUEZ and JUDGE NIETO concur.