SHAFER COMMERCIAL SEATING, INC. and Wausau Insurance Companies, Petitioners,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Jose Cortez, Respondents.

No. 02CA2567.

Colorado Court of Appeals,
Div. III.

Dec. 31, 2003.

Certiorari Denied March 15, 2004.

Law Office of Jonathan S. Robbins, Douglas W. Poling, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Pepe J. Mendez & Associates, P.C., Pepe J. Mendez, Abel Alvarado, Denver, Colorado, for Respondent Jose Cortez.

Opinion by Judge NIETO.

Shafer Commercial Seating, Inc., and its insurer, Wausau Insurance Companies (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that Jose Cortez (claimant) sustained a compensable injury and awarding permanent total disability benefits. We affirm.

Claimant directed interrogatories to employer in December 2001. Employer did not respond, and claimant filed a motion to compel. A prehearing administrative law judge (PALJ) granted claimant's motion to compel discovery, ordering employer to "fully and completely respond to claimant's interrogatories without delay" no later than five days after receipt of the order. Although claimant received partial responses to the discovery by March 18, 2002, claimant sought an order for sanctions against employer and for entry of a default judgment.

In the meantime, employer filed a motion on March 14, 2002, to add a coemployee as a witness to address the compensability of the claim, asserting that it had just discovered the existence of that witness. That motion was granted by the PALJ at a prehearing conference on April 2, 2002, and employer was also required to provide certain other discovery within five days of receipt of the order. The PALJ ruled that she did not have jurisdiction to decide claimant's motion for sanctions.

On April 9, 2002, the administrative law judge (ALJ) granted claimant's previously filed motion for sanctions. She ordered that employer's witnesses and affirmative defenses were struck and that employer was precluded from introducing any document that had not been exchanged at least twenty days prior to the hearing scheduled for April 25, 2002.

At the hearing, employer requested that the ALJ reconsider the order precluding the presentation of witnesses. After considering the arguments of counsel and reviewing the file, the ALJ found that employer had not completely complied with the order to compel and declined to reconsider the order for sanctions. Therefore, employer was precluded from presenting the testimony of the coworker and safety manager. Only claimant testified at the hearing.

## I.

Initially, we reject employer's assertion that a de novo standard of review applies.

The decision to impose a sanction will not be overturned unless such decision was an abuse of discretion, or manifestly arbitrary, unreasonable, or unfair. *Nagy v. Dist. Court*, 762 P.2d 158 (Colo.1988); *see also Sheid v. Hewlett Packard*, 826 P.2d 396 (Colo.App.1991).

## II.

Employer asserts that the ALJ erred in imposing discovery sanctions because she failed to find specifically that any discovery violation was willful. We disagree.

The purposes of discovery and pretrial procedural rules include the production of relevant evidence, the simplification of issues, the elimination of surprise, and the encouragement of fair and just settlements. *See J.P. v. Dist. Court*, 873 P.2d 745 (Colo. 1994).

Section 8-43-207(1)(e), C.R.S.2003, provides: "The director or administrative law judge may rule on discovery matters and impose the sanctions provided in the rules of civil procedure in the district courts for willful failure to comply with permitted discovery."

Whether to impose sanctions and the nature of the sanctions to be imposed are matters within the fact finder's discretion. The fact finder is given flexibility in choosing the appropriate sanction and should exercise informed discretion in imposing a sanction that is commensurate with the seriousness of the disobedient party's conduct. *Nagy v. Dist. Court, supra*.

The term "willful" has been defined under the Workers' Compensation Act to mean acting with deliberate intent. *Miller v. Indus. Claim Appeals Office*, 49 P.3d 334 (Colo.App.2001). Further, Dep't of Labor & Employment Rule VIII(E)(7), 7 Code Colo. Regs. 1101–3, provides that "[o]nce an order to compel has been issued and properly served upon the parties, failure to comply with the order to compel shall be presumed willful."

Finally, the ALJ is not held to a crystalline standard of findings. *See Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office*, 5 P.3d 385 (Colo.App.2000). Thus, the ALJ is presumed to have considered the relevant legal principles, including the requirement of willfulness, when entering an order. *See Dravo Corp. v. Indus. Comm'n*, 40 Colo.App. 57, 569 P.2d 345 (1977).

Here, the ALJ explicitly found that employer had not fully complied with the order compelling discovery. We agree with the Panel that the ALJ's finding was sufficient to comply with § 8–43–207(1)(e). When the order is read in conjunction with (1) the presumption accorded by Rule VIII(E)(7); (2) employer's failure to timely respond to the

original discovery request; (3) its failure to timely comply with both the order compelling discovery and the order for discovery entered at the prehearing conference; and (4) its failure to respond to the motions to compel and for sanctions, the ALJ clearly found the violation was willful.

The record also supports the ALJ's finding that employer failed to fully comply with the order compelling discovery and that the sanction of witness preclusion was appropriate. Employer admitted that it was delinquent in providing claimant a summary of the safety manager's testimony and that it had not fully supplied the documents relating to the coworker by the deadline imposed by the PALJ. Additionally, the summary of the safety manager's testimony was limited to one conclusory sentence and, therefore, lacked the requisite details. The summary of the coworker's testimony, while provided by March 18, 2002, also consisted merely of a one-line summary, which did not include any details, date, time, or circumstances of the alleged conversation with claimant.

Accordingly, we agree with the Panel that the record established a pattern that employer did not comply with discovery requirements and, therefore, the ALJ did not abuse her discretion in precluding employer from presenting the testimony of the coworker or safety manager.

We are not persuaded by employer's argument that it substantially complied with the order to compel because it supplied the requested information only two or three days beyond the last imposed deadline. Neither § 8–43–207(1)(e) nor Rule VIII(E)(7) supports that interpretation. Further, employer has not shown that its belated production of the information was the result of mistake, lack of knowledge, or some other basis that would explain the failure to comply with the prior orders and negate the determination of deliberate intent. It has merely provided a plausible explanation for the ALJ's decision not to impose the more severe sanction of default. *See Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672 (Colo.1987)(a sufficient level of culpability for default generally will be present where an order compelling discovery was entered and the party failed to comply).

The order is affirmed.

Judge TAUBMAN and Judge CARPARELLI concur.