The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Michael Alexander JOHNSON,
Defendant–Appellee.

No. 06CA1782.

Colorado Court of Appeals,
Div. II.

July 12, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Carol Chambers, District Attorney, Paul R. Wolff, Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Fossum, Mastro, Bames & Stazzone, P.C., Russell J. Hebets, Denver, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

The People appeal the trial court's order dismissing ten counts of sexual assault on a child by one in a position of trust, as a pattern of abuse, against defendant, Michael Alexander Johnson. We affirm.

Defendant was charged by information with one count of sexual assault, causing submission through force, § 18-3-402(1)(a), (4), C.R.S.2006; one count of child abuse, § 18-6-401(1)(a), C.R.S.2006; ten counts of unlawful sexual contact, § 18-3-404(1.5), C.R.S.2006; and ten counts of sexual assault, ten-year age difference, § 18-3-402(1)(e), C.R.S, 2006. The People amended the information to add ten additional counts of sexual assault on a child by one in a position of trust, as part of a pattern of abuse, in violation of § 18-3-405.3(1), (2)(b), C.R.S.2006.

At the preliminary hearing on those additional counts, the police officer who investigated the case testified to the following information. In March 2004, defendant was employed as a driving instructor for a private company that conducts driver's education classes. At that time, the victim, who was fifteen years old, took a five-day driving course at the driving school. Defendant was her instructor for three of those five days. On the last day of the course, the victim and defendant exchanged telephone numbers. Following the completion of the driving instruction, the victim and defendant spoke with each other by telephone hundreds of times.

According to statements the victim made to an investigator, in May 2004 defendant met her at her school and drove her to his apartment, and the two engaged in sexual intercourse. The victim also reported that she and defendant engaged in sexual activity at least fifteen times over the next four months.

At the conclusion of the preliminary hearing, the trial court found that there was insufficient evidence to support the position of trust counts because the unlawful acts did not occur while defendant was in a position of trust. The court thus dismissed those counts and the People appeal.

The People contend that the trial court erred in dismissing the position of trust counts. Specifically, they argue that the definition of "position of trust" should be interpreted to include situations where the defen-

dant first gained access to the victim by being in a position of trust, and later exploited that relationship to commit the unlawful act. We are not persuaded.

Statutory interpretation presents a question of law which is subject to de novo review. *Hendricks v. People,* 10 P.3d 1231, 1235 (Colo.2000).

When interpreting a statute, our goal is to ascertain legislative intent, and we will discern that intent, when possible, from the plain and ordinary meaning of the statutory language. *Woellhaf v. People,* 105 P.3d 209, 215 (Colo.2005). When the statutory language is clear and unambiguous, we interpret the statute as written without resort to legislative history, interpretive rules, or statutory construction. *See People v. Goodale,* 78 P.3d 1103, 1107 (Colo.2003) (if a statute is clear and unambiguous, it must be interpreted as written; "[o]nly when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history"); *People v. Sorrendino,* 37 P.3d 501, 503 (Colo.App. 2001)(same).

It is presumed that the legislature understands the import of the words it uses, is deliberate in its choice of language, and does not use language idly. *People v. J.J.H.,* 17 P.3d 159, 162 (Colo.2001). Therefore, courts are to give effect to every word in a statute, and not to adopt a construction that renders any term superfluous. *People v. Madden,* 111 P.3d 452, 457 (Colo.2005); *People v. Guenther,* 740 P.2d 971, 976 (Colo.1987).

A person commits sexual assault on a child by one in a position of trust, in violation of § 18–3–405.3(1), when he or she "knowingly subjects another not his or her spouse to any sexual contact . . . if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim."

As pertinent here, the phrase "position of trust," defined in § 18–3–401(3.5), C.R.S. 2006, includes:

> any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child . . . or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child . . . no matter how brief, *at the time of an unlawful act.*

(Emphasis added.)

■ Thus, the statute establishes two categories of persons who can be considered to occupy a position of trust: (1) a parent or someone acting in the place of a parent; or (2) a person charged with any duty or responsibility for the health, education, welfare, or supervision of a child.

■ Here, it is undisputed that by virtue of defendant's employment as a driving instructor, he fit into the second category for the few days that he acted as the victim's driving instructor. It is also undisputed that the sexual contact between defendant and the victim did not begin until two months after he stopped being her instructor. The issue is whether defendant was in a position of trust with respect to the victim even though he was not her instructor "at the time of the unlawful act." We conclude he was not in a position of trust at that time.

We discern the legislative intent based upon the plain language of the statute, and we make two observations. First, the description of the duties and responsibilities that give rise to a position of trust is modified by the phrase "no matter how brief." Therefore, the legislature clearly contemplated an end to the period of time in which a person's activities would qualify him or her as being in a position of trust.

Second, the phrase "at the time of the unlawful act" occurs at the end of the sentence and is set off by a comma, thereby modifying all the preceding language. *Cf. Pena v. Indus. Claim Appeals Office,* 117 P.3d 84, 87 (Colo.App.2004) (placement of commas reflect legislative intent). Therefore, the legislature intended to limit the "position of trust" designation to situations where the unlawful act occurred while the actor was charged with the statutorily enumerated duties and responsibilities.

■ Thus, we conclude, the plain language of the position of trust statute requires that two questions be asked regarding the relationship between the actor and the victim:

(1) Was the actor a parent, acting in the place of a parent, or charged with certain enumerated responsibilities for the care, education, welfare, or supervision of a child, for any period of time, no matter how brief?; and (2) Did the actor commit an unlawful act during that period of entrustment? The statute is violated only if both criteria are met.

In reaching our conclusion that the statute does not apply in this case, we recognize that the statute criminalizing sexual assault on a child by one in a position of trust was designed to protect a vulnerable segment of society—children whose care or education is entrusted to adults. *See Woellhaf, supra,* 105 P.3d at 216 (one objective of § 18–3–405.3 was to "close the loophole of sexual relations between teachers and children 15 to 18 years of age"); *People v. Martinez,* 51 P.3d 1046, 1052 (Colo.App.2001) (recognizing that a child is more vulnerable to abuse if the offender is known to the child or is entrusted with the care of the child), *rev'd on other grounds,* 74 P.3d 316 (Colo. 2003). However, were we to adopt the interpretation urged by the People—that the statute includes situations where the defendant and the victim continued a relationship which became sexual in nature *after* the defendant's responsibility for the victim's welfare, care, or education has ended—we would render the phrase "at the time of the unlawful act" superfluous. *See People v. Madden, supra,* 111 P.3d at 457.

Accordingly, we conclude that a person cannot be charged with sexual assault on a child by one in a position of trust unless the unlawful act occurred while the person was either: (1) a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning the child; or (2) charged with any duty or responsibility for the health, education, welfare, or supervision of the child.

Although, as the People argue, the legislature may have intended the "position of trust" designation to apply where the relationship giving rise to the unlawful act originated when the actor was in a position of trust with respect to the victim, regardless of when the unlawful act occurred, the express language of the statute precludes us from reaching that result. *See Martin v. People,* 27 P.3d 846, 848 (Colo.2001) (it is for the legislature, not the courts, to decide what laws best serve the public interest); *Dove Valley Bus. Park Assocs., Ltd. v. Bd. of County Comm'rs,* 945 P.2d 395, 403 (Colo. 1997) (absent constitutional infringement, it is not the province of the courts to rewrite the statute); *Humane Soc. v. Indus. Claim Appeals Office,* 26 P.3d 546, 548 (Colo.App. 2001).

Here, it is undisputed that defendant was in a position of trust with respect to the victim when he acted as her instructor, but that he was no longer entrusted with her care and education after her driving lessons terminated. There was testimony at the preliminary hearing that the victim's parents were unaware defendant and the victim had remained in contact following the driving lessons. Indeed, no evidence was presented to show that the victim's parents entrusted defendant with the care of the victim after the driving lessons ended. *Cf. People v. Duncan,* 33 P.3d 1180, 1182 (Colo.App.2001) (father gave permission for victim to go with defendant, thus establishing that defendant was in a position of trust because he was entrusted with responsibility for victim's welfare).

Therefore, we conclude that the evidence adduced at the preliminary hearing does not support a conclusion that defendant was in a position of trust with respect to the victim at the time of the unlawful acts. Accordingly, the trial court properly dismissed the position of trust charges against defendant.

The order is affirmed.

STERNBERG * and KAPELKE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and