The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Larry G. RETALLACK,
Defendant–Appellee.

No. 89CA1447.

Colorado Court of Appeals,
Div. III.

Dec. 6, 1990.

John Suthers, Dist. Atty., Robert M. Brown, Chief Deputy Dist. Atty., Jeanne M. Smith, Asst. Dist. Atty., Colorado Springs, for plaintiff-appellant.

Thomas A. Barnes, Jr., Colorado Springs, for defendant-appellee.

Opinion by Judge RULAND.

The People appeal the trial court's order granting the Crim.P. 35(b) motion to reduce sentence of defendant, Larry Retallack. We dismiss the appeal.

Defendant pled guilty to two counts of sexual exploitation of children. On December 12, 1988, he was sentenced to the Colorado Department of Corrections for two terms of eight years, to be served consecutively. Defendant and his attorney timely filed separate Crim.P. 35(b) motions for reduction of that sentence. A copy of each of these motions was mailed to the prosecution.

On June 14, 1989, the trial court reduced defendant's sentence to five years on each count, to be served consecutively. On July 17, the prosecution filed a motion with the trial court to reconsider its order reducing the defendant's sentence. The trial court conducted a hearing on this motion and denied it on August 7. On August 24, more than 45 days after the trial court granted defendant's motion to reduce his sentence, the prosecution filed this appeal in which it asserts that the court erred by acting on defendant's motion without conducting a hearing.

In its appellate brief the prosecution requests that: "[T]his court reverse the trial court, vacate the reduction of sentence and remand the case to the trial court for further proceedings and hearing on the motion for reduction of sentence." In effect, the prosecution is seeking review of the trial court's decision to resentence.

The procedure for appellate review of resentencing is set forth in C.A.R. 4(c). C.A.R. 4(c)(1)(II)(A) provides that:

"If the appeal is to review a sentence following a plea of guilty or nolo contendere, or resentencing, where the imposition of sentence was the only issue before the court, then the following abbreviated procedure for appellate review of sentences will be utilized:"

"(A) The notice of appeal must be filed within forty-five days from the date of the imposition of sentence."

Further, the time for filing the notice of appeal may be extended only by the appellate court.

Here, the prosecution failed to file its notice of appeal within the 45 days as required by the applicable rule and failed to request an extension of time. Contrary to the prosecution's contention, a motion filed after entry of the order challenged on appeal does not extend the time for the prose-

cution to file its notice pursuant to C.A.R. 4(b)(2). *See People v. Chesnick,* 797 P.2d 812 (Colo.App.1990). Therefore, this court is without jurisdiction to consider the issues raised.

The appeal is dismissed.

METZGER and NEY, JJ., concur.