**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Ricky ADAMS, Defendant–Appellant.**

No. 93CA1979.

Colorado Court of Appeals,
Div. II.

Sept. 28, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Daniel M. Winograd, P.C., Daniel M. Winograd, Rick B. Levinson, Colorado Springs, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Ricky Adams, appeals the district court's denial of his Crim.P. 35(c) motion. We dismiss the appeal.

Defendant filed a Crim.P. 35(c) motion on August 21, 1993, attacking a 1990 plea agreement pursuant to which he pled guilty to attempted second degree assault. The district court denied defendant's motion without a hearing on the day the motion was filed. Defendant filed a "motion to reconsider" denial of his Crim.P. 35(c) motion on September 2, 1993. On September 22, 1993, the district court, likewise, denied defendant's "motion to reconsider." On November 18, 1993, defendant filed his notice of appeal to this court appealing the denial of his Crim.P. 35(c) motion.

At the outset, we note that C.A.R. 4(b) governs criminal appeals. Specifically, C.A.R. 4(b)(1) provides that, in a criminal case, the notice of appeal by a defendant shall be filed in the appellate court within 45 days after entry of the judgment or the order being appealed.

Since the district court denied defendant's Crim.P. 35(c) motion on August 21, 1993, defendant's notice of appeal to this court was due no later than October 5, 1993. Under this scenario, defendant clearly filed his appeal out of time, and this court is without jurisdiction to consider the appeal.

Although here the district court's denial of the "motion to reconsider" was also more than 45 days before the filing of the notice of appeal, such may not always be the case. Hence, we choose to address the People's contention that the filing of a "motion to reconsider" cannot extend the time within which to appeal a district court's order denying a motion for post-conviction relief. We agree with the People.

The language of Crim.P. 35(c) gives the basis and rationale for our determination. Following a listing of the alternatives that a court may consider in resolving a motion filed under the rule, Crim.P. 35(c) states:

In all cases, the court shall determine the issues [raised by the motion] and make findings of fact and conclusions of law with respect thereto.... The court need not entertain a second motion or successive motions for similar allegations on behalf of the same prisoner. *The order of the trial*

*court granting or denying the motion is a final order reviewable on appeal.* (emphasis added)

Thus, the district court was not obliged to consider the subsequent motion which plainly treated the same issues as the original Crim.P. 35(c) motion. Furthermore, the fact that it chose to do so did not change the mandate of Crim.P. 35(c)(3) that the court's order on the original motion was a final order for purposes of appeal. *See People v. Janke,* 852 P.2d 1271 (Colo.App.1992).

In specifically making permissive the consideration of a subsequent motion as to the same or similar issues in Crim.P. 35, the supreme court had the opportunity to state that the acceptance and consideration of any such motion by the district court would toll the 45–day period within which an appeal must be filed pursuant to C.A.R. 4(b). Instead, it stated quite unequivocally that the order concerning the original motion signals finality and is the order reviewable on appeal. *See People v. Retallack,* 804 P.2d 279 (Colo.App.1990) (in different sentencing context, court opined that motion filed subsequent to entry of order challenged on appeal does not extend time for filing notice of appeal).

Accordingly, we conclude that, since the notice of appeal was due on October 5, 1993, and defendant filed the notice of appeal on November 18, 1993, this court is without jurisdiction to consider this appeal.

The appeal is dismissed.

CRISWELL and CASEBOLT, JJ., concur.