Michael BRALISH, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE of Colorado and
City of Thornton, Respondents.

No. 02CA1236.

Colorado Court of Appeals,
Div. IV.

June 5, 2003.

Rehearing Denied July 24, 2003.

Certiorari Denied Jan. 12, 2004.

Douglas R. Phillips, P.C., Douglas R. Phil-
lips, Denver, Colorado, for Petitioner.

No appearance for Respondent Industrial
Claim Appeals Office.

Ritsema & Lyon, P.C., Fredric A. Ritsema,
Kathleen M. Murphy, Denver, Colorado, for
Respondent, City of Thornton.

Opinion by Judge KAPELKE.

In this workers' compensation proceeding,
Michael Bralish (claimant) seeks review of a
final order of the Industrial Claim Appeals
Office (Panel) determining that, under § 8–
41–301(2)(b), C.R.S.2002, his benefits for
mental impairment were limited to twelve
weeks. We affirm.

Claimant, a police officer for the City of
Thornton (employer), responded to a scene
where a man was experiencing a seizure.
When claimant arrived, the man was agitat-
ed, combative, and yelling obscenities. Fire-
fighters requested claimant's assistance in
restraining the man, who was then inside an
ambulance. As claimant attempted to hand-
cuff him, the man bit claimant's finger.

Upon discovering that the man had hepati-
tis B and was HIV-positive, claimant experi-
enced a severe emotional and psychological
reaction. The treating physician rated claim-
ant's permanent mental impairment as fifty
percent of the whole person. Employer ad-
mitted liability for the fifty percent impair-
ment, but denied further benefits because it
had already paid temporary total disability
benefits for in excess of twelve weeks.

The administrative law judge (ALJ) de-
termined that claimant was subject to the
statutory twelve-week limitation on medical
impairment benefits and that he had not
demonstrated that he qualified for the ex-
ception to that limitation under § 8–41–
301(2)(b) for a claimant who is a "victim of
a crime of violence." Relying on § 16–1–
104(8.5)(a)(I), C.R.S.2002, a provision of the
Code of Criminal Procedure, the ALJ deter-
mined that the term "crime of violence" in-

cludes, as relevant here, the offenses of first and second degree assault, both of which require proof of specified mental states.

The ALJ found that the man who bit claimant suffered from a seizure disorder at the time and that he did not recall the events after he received treatment. Under the circumstances, the ALJ concluded, claimant failed to prove that the man had "acted with any conscious objective or intent" to harm him.

The Panel affirmed.

## I.

██ Claimant contends that the ALJ erred in relying on a criminal statute in concluding that § 8–41–301(2)(b) requires proof of a requisite mental state on the part of the individual who inflicted the injury. Relying on dictionary definitions of the separate words in the phrase "victim of a crime of violence," claimant argues that he had to prove only that he suffered an injury as the result of a wrongdoing by virtue of another's physical force. We perceive no basis for reversal.

Section 8–41–301(2), C.R.S.2002, sets forth the requirements for a compensable mental impairment. Section 8–41–301(2)(b) limits a claimant to twelve weeks of medical impairment benefits, inclusive of temporary disability benefits, except where the claimant was the "victim of a crime of violence" or suffered neurological brain damage as a result of the injury.

The phrase "crime of violence" is not defined in the Workers' Compensation Act (Act). Furthermore, we have found no dictionary definition for the phrase as a whole, other than a federal statutory definition that appears in *Black's Law Dictionary* 378 (7th ed.1999).

The rules of statutory construction require that we construe § 8–41–301(2)(b) to further the legislative intent. To discern that intent we must give the words in the statute their plain and ordinary meanings. *See Davison v. Indus. Claim Appeals Office*, 72 P.3d 389 (Colo.App. No. 02CA0922, Jan. 2, 2003).

Here, both the ALJ and the Panel looked to the definition of "crime of violence" contained in the Code of Criminal Procedure, § 16–1–104(8.5)(a)(I). However, because we conclude that claimant did not prove that the man who bit him had committed any "crime" at all, we need not determine whether the Criminal Code definition of "crime of violence" would apply.

*Webster's Third New International Dictionary* 536 (1986) defines "crime" as "an act or the commission of an act that is forbidden or the omission of a duty that is commanded by a public law of a sovereign state to the injury of the public welfare and that makes the offender liable to punishment by that law in a proceeding brought against him by the state by indictment, information, complaint, or similar criminal procedure."

*Black's Law Dictionary* 377 (7th ed.1999) defines "crime" as "[a] social harm that the law makes punishable; the breach of a legal duty treated as the subject matter of a criminal proceeding."

Here, given the ALJ's factual finding that the man who bit claimant had not acted with any conscious objective or intent, claimant cannot demonstrate that the man violated any public law or would be liable to punishment for his action. Claimant has pointed to no applicable statute that would impose criminal liability on one who acted without conscious awareness of what he or she was doing.

We note that the man's actions under these circumstances would also not fall within the definition of "crime" in the Colorado Criminal Code. Under § 18–1–104(1), C.R.S. 2002, a crime is "a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed."

Nor are we persuaded by claimant's argument that consideration of the mental state of the person who inflicted the injury is inconsistent with the no-fault character of the Act.

We agree that fault is generally not relevant to the issue of compensability under the Act. *Colorado Springs Disposal v. Indus. Claim Appeals Office*, 58 P.3d 1061 (Colo. App.2002)(Act's major purpose is to compen-

sate work-related injuries regardless of fault). However, it is the fault of the claimant and employer that is generally disregarded. *See* § 8–40–102(1), C.R.S.2002 (Act is based on "mutual renunciation of common law rights and defenses by employers and employees alike"); *Colorado Springs Disposal v. Indus. Claim Appeals Office, supra* (employee's fault is relevant to award of benefits only in certain limited circumstances, such as when employee is injured as a result of a willful violation of a safety rule or when employee is responsible for termination).

We are aware of no authority indicating that the fault of a third party should be disregarded, especially where, as here, evidence of such fault is relevant in proving a claimant's entitlement to a particular benefit. We thus reject claimant's contention.

## II.

█ Claimant also contends that the ALJ's findings fail to support the conclusion that claimant was not a victim of a crime of violence. Again, we disagree.

The ALJ found that although the man was occasionally calm while in the ambulance, he continued to be combative and confused until he received medication at the hospital. Under these circumstances, the ALJ could reasonably infer that the man had not been conscious of his actions and thus had not committed any crime.

Further, the record fully supports the findings. There was evidence that the man's seizure prevented him from controlling his actions. Another officer at the scene testified that the man was not responsive and that the officer therefore filed an incident report, rather than a criminal report, because he "did not find any criminal intent." Finally, the ALJ's findings are buttressed by the fact that the district attorney declined to file criminal charges against the man because the evidence was insufficient.

Accordingly, we perceive no error in the ALJ's determination that claimant's injuries were not the result of a crime of violence and that his entitlement to benefits for mental impairment was thus subject to the twelve-week limitation established in § 8–41–301(2)(b).

The order of the Panel is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.