**Delieth L. JONES, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Duckwall Alco Stores, Inc., and Liberty Insurance Group, Respondents.**

No. 03CA0768.

Colorado Court of Appeals,
Div. V.

Jan. 29, 2004.

The Frickey Law Firm, Janet L. Frickey, Lakewood, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Zarlengo, Mott, Zarlengo & Winbourn, P.C., Scott M. Busser, Denver, Colorado, for Respondents Duckwall Alco Stores, Inc. and Liberty Insurance Group.

Opinion by Judge VOGT.

In this workers' compensation case, Delieth L. Jones (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying her claim for penalties against Duckwall Alco Stores, Inc., and its insurer, Liberty Insurance Group (collectively employer), for failure to pay temporary

total disability (TTD) benefits in a timely and regular fashion. We affirm.

Employer filed a general admission of liability for TTD benefits on September 19, 2001 and began paying benefits. In May 2002, claimant applied for a hearing. She alleged that employer was liable for penalties for making late and irregular payments of TTD benefits, in violation of § 8–42–105(2)(a), C.R.S.2003 (requiring payment of TTD benefits at least once every two weeks). At the hearing, claimant produced copies of checks that employer had issued for payment of her TTD benefits.

The administrative law judge (ALJ) found that one check had been mailed three days after expiration of the two-week period for which it was intended and therefore imposed a penalty of $100 per day, for a total of $300, pursuant to § 8–43–304(1), C.R.S.2003.

However, the ALJ rejected claimant's argument that, whenever employer issued a check before the end of the two-week period for which TTD was owed, it was required to issue another check within two weeks thereafter. The ALJ reasoned that the statute should not be interpreted in a manner that would discourage early payment of benefits and that when claimant received an early payment, she could "just hold the check until its usual due date to avoid any problems caused by the early payment." Thus, the ALJ concluded that once a payment date was established by the first payment, subsequent checks were due every two weeks thereafter, and early payment of some checks did not alter the due dates. The Panel affirmed.

■ Claimant again contends on appeal that employer should have been penalized for noncompliance with § 8–42–105(2)(a) because its early payment of some checks meant that more than two weeks elapsed before the next check was mailed. According to claimant, receiving checks in an "inconsistent manner" disrupted her household finances. We are not persuaded.

Section 8–42–105(2)(a) provides that "[c]ompensation shall be paid at least once every two weeks, except where the director determines that payment in installments should be made at some other interval."

Consistent with the statute, Dep't of Labor and Employment Rule IV(E)(2), 7 Code Colo. Regs. 1101–3, provides that TTD "benefits awarded by admission are due on the date of the admission and payable once every two weeks thereafter."

In construing a statute, we must determine and give effect to the intent of the general assembly. We do so in the first instance by affording the language of the statute its plain and ordinary meaning. *Midboe v. Indus. Claim Appeals Office,* —— P.3d ——, 2003 WL 22208414 (Colo.App. No. 03CA0159, Sept. 25, 2003). If the language is simple and its meaning clear, a forced, subtle, or strained construction should be avoided. *Miller v. Indus. Claim Appeals Office,* 985 P.2d 94 (Colo.App.1999).

■ We give deference to the Panel's interpretation of workers' compensation statutes and will set that interpretation aside only if it is inconsistent with the clear language of the statute or the legislative intent. *Midboe v. Indus. Claim Appeals Office, supra.*

Here, we agree with the Panel that § 8–42–105(2)(a) simply requires that TTD benefits be paid at least every two weeks from the date compensation first becomes payable and that it contains no language suggesting that the date for payment of compensation is to be adjusted based on the date the insurer issued the most recent check. Nor, as the Panel observed, should the statute be construed to "establish grounds to punish insurers who make payments before the two-week window expires, or to accelerate the due date for the next payment if the insurer decides to make an early payment."

This interpretation is consistent with Rule IV(E)(2), which establishes the date of the admission of liability as the due date for back benefits and makes subsequent benefits payable "once every two weeks thereafter," without in any way suggesting that the date of the most recent check imposes a new baseline date for issuance of the next payment. *See Magnetic Engineering, Inc. v. Indus. Claim Appeals Office,* 5 P.3d 385 (Colo.App.2000)(interpretation given statute

by officer or agency charged with its administration is entitled to deference).

Accordingly, the ALJ and the Panel did not err in concluding that employer's duty to pay TTD benefits commenced on September 19, 2001, with subsequent payments due at two-week intervals thereafter. Employer's decision to pay some TTD benefits before completion of the two week intervals did not alter the due dates for subsequent payments or accelerate the payment schedule. Thus, except for the one late payment, employer did not violate § 8–42–105(2)(a) or Rule IV(E)(2).

The order is affirmed.

Chief Judge DAVIDSON and Judge DAILEY concur.