Linda **GUIDO**, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado and United Airlines, Respondents.**

**No. 03CA1519.**

Colorado Court of Appeals, Div. IV.

Aug. 26, 2004.

Susan D. Phillips, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Laurie K. Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Anthony D. Hall, T. Paul Krueger, II, Denver, Colorado, for Respondent United Airline.

Opinion by Judge ROY.

In this workers' compensation proceeding, Linda Guido (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) awarding her a cost of living allowance (COLA) based upon two percent of the maximum rate payable for permanent total disability (PTD) benefits. We affirm.

Claimant sustained an admitted injury in 1993 and began receiving PTD benefits as of June 1, 2002. Although her average weekly wage (AWW) at the time of the injury was $708.46, her benefits were calculated using the maximum capped rate of $414.05. The cap was determined based upon ninety-one percent of the state AWW, which was then $454.97. *See* § 8–42–111(1), C.R.S.2003 (PTD rate shall not exceed maximum rate set for temporary total disability (TTD)); § 8–42–105(1), C.R.S.2003 (maximum TTD rate is ninety-one percent of the state AWW).

Claimant argued that she was entitled to a two percent COLA increase calculated using her actual AWW rather than the maximum rate. The administrative law judge (ALJ) agreed that claimant was entitled to a COLA increase, but found that the Workers' Compensation Act was ambiguous regarding whether such an increase was to be calculated using claimant's actual AWW or the maximum rate. The ALJ referred to an interpretive bulletin on the subject issued by the Director of the Division of Workers' Compensation, which reasoned that use of the actual AWW, in cases where it exceeded the AWW necessary to qualify for the maximum, would produce a COLA increase of more than two percent and result in disparate treatment among claimants. Noting that the interpretive bulletin was not binding legal authority, the ALJ nevertheless determined that the reasoning therein was persuasive and found that claimant's benefits should be increased by a COLA adjustment applied to the maximum rate rather than her actual AWW.

On review, the Panel upheld the ALJ's order, agreeing both that the Workers' Compensation Act was ambiguous regarding the method for calculating the annual COLA increase and that the increase should be based upon the maximum rate when that rate was used to calculate PTD benefits.

■ Claimant contends that the ALJ and the Panel erred in determining that the two percent COLA increase must be calculated by reference to the maximum rate, rather than to her actual AWW. We disagree.

An award for PTD benefits is governed by § 8–42–111, C.R.S.2003, which provides, in pertinent part:

(1) In cases of permanent total disability, *the award shall be sixty-six and two-thirds percent of the average weekly wages of the injured employee* and shall continue until [the] death of such person so totally disabled but not in excess of the weekly maxi-

mum benefits specified in this article for injuries causing temporary total disability.

. . . .

(4) For injuries occurring on and after July 1, 1991, and before July 1, 1994, *the average weekly wage of injured employees used for computing compensation paid for awards pursuant to subsection (1) of this section* shall be increased by two percent per year effective July 1 of each year, and such increased compensation shall be payable for the subsequent twelve months.

(Emphasis added.)

When a reviewing court construes a statute, it must determine and give effect to the intent of the General Assembly by affording the language of the statute its plain and ordinary meaning. *Midboe v. Indus. Claim Appeals Office,* 88 P.3d 643 (Colo.App.2003). If the language is simple and its meaning clear, a forced, subtle, or strained construction should be avoided. *Jones v. Indus. Claim Appeals Office,* 87 P.3d 259 (Colo.App. 2004). Similarly, an interpretation departing from the plain meaning of a statute is permissible only to avoid an absurd result, and the statute must be read as a whole, giving consistent, harmonious, and sensible effect to all its parts. *Peregoy v. Indus. Claim Appeals Office,* 87 P.3d 261 (Colo.App.2004).

We agree with the ALJ's and the Panel's interpretation of the bulletin, but conclude that such an interpretation is discernible from the unambiguous language of the statute. It is clear that the phrase "average weekly wages of the injured employee" used in subsection (1) refers to the claimant's earned AWW prior to the injury.

Claimant urges that inclusion of the phrase "the average weekly wage of injured employees" in subsection (4) without a direct reference to the "base AWW" or the "maximum rate of compensation payable" means that the COLA is to be computed using the claimant's earned AWW prior to the injury.

Claimant, however, overlooks the context of the phrase "the average weekly wage of injured employees" in subsection (4). The full phrase is "the average weekly wage of injured employees used for computing compensation paid for awards pursuant to sub-section (1) of this section," which is "sixty-six and two-thirds percent of the average weekly wages of the injured employee." This latter phrase incorporates the maximum rate cap of the claimant's earned AWW. Thus, in cases where the earned AWW entitles a claimant to the maximum weekly compensation rate at the time of the injury as computed under subsection (1), that computed rate becomes the claimant's AWW for purposes of calculating compensation, as well as calculating the two percent COLA increase under subsection (4).

As the ALJ and the Panel noted, claimant's reading of the statute would produce a greater percentage increase in PTD benefits to claimants whose AWW exceeded ninety-one percent of the state AWW. This result would be counter to the purpose of cost of living increases, which is to maintain the value of benefits in the face of inflationary pressures, not to award an additional element of compensation. *See Engelbrecht v. Hartford Accident & Indem. Co.,* 680 P.2d 231 (Colo.1984)(cost of living adjustments are designed to keep pace with inflation).

Contrary to claimant's assertion, our interpretation of the COLA statute does not conflict with *Salazar v. Indus. Claim Appeals Office,* 10 P.3d 666 (Colo.App.2000), which simply held that the COLA statute was meant to apply to all awards of PTD, even those based upon the maximum rate. Similarly, we consider *McKinney v. Indus. Claim Appeals Office,* 894 P.2d 42 (Colo.App.1995), which addressed a claimant's eligibility for PTD benefits under § 8–40–201(16.5), C.R.S. 2003, inapposite.

The order is affirmed.

Judge VOGT and Judge LOEB concur.