The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ramiro BANUELOS–LANDA, Defendant–Appellant.

No. 03CA0619.

Colorado Court of Appeals, Div. II.

Dec. 2, 2004.

Certiorari Denied April 11, 2005.

Ken Salazar, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Ramiro Banuelos–Landa, Pro Se.

CARPARELLI, J.

In this consolidated appeal, defendant, Ramiro Banuelos–Landa, appeals a district court order denying two Crim. P. 35(b) motions for reconsideration of his sentence. We dismiss this part of the appeal. Defendant also appeals a second order denying a related Crim. P. 35(c) motion that challenged the authority of the judge who denied the Crim. P. 35(b) motions. We affirm this order.

In case number 01CR425, defendant was found guilty after a jury trial of possession of more than eight grams of marijuana, possession with intent to distribute, and special offender, controlled substance, weapon. He was sentenced to fourteen years in the Department of Corrections (DOC) by Judge H. Jeffrey Bayless.

In a related case, number 01CR424, defendant pled guilty to distribution of a controlled substance and special offender, controlled substance, weapon. There, he was sentenced to a consecutive eight-year term in the DOC by Judge Joseph E. Meyer, III.

After defendant was accepted into the Regimented Inmate Treatment Program (boot camp), he filed a motion for reconsideration of his sentence in each case. At defendant's request, disposition of the Crim. P. 35(b) motions was continued until he completed boot camp. On January 4, 2002,

Judge Meyer denied both Crim. P. 35(b) motions, finding that "[t]he sentences were appropriate when imposed and remain appropriate." Defendant appeals this order.

Almost a year later, defendant filed a motion asking for a ruling on his Crim. P. 35(b) motion in case number 01CR425. Judge Gloria Rivera denied the motion for a ruling because Judge Meyer had already denied the Crim. P. 35(b) motion to which it pertained. Defendant does not appeal Judge Rivera's order.

Defendant later filed a fourth motion, arguing that Judge Meyer could not properly rule on his Crim. P. 35(b) motion in case number 01CR425 because he did not preside at the trial or impose the sentence in that case. Defendant argued that Crim. P. 25 prohibits the substitution of one judge for another without providing justification on the record. Judge Rivera denied the fourth motion and ruled that "[n]either Rule 25, nor any authority of which the Court is aware, precludes one judge from reconsidering the sentence of another judge." Defendant appeals this order as well.

## I.

■ We reject defendant's contention that Judge Rivera erred when she determined that, although Judge Meyer had not imposed the sentence in case number 01CR425, it was proper for him to rule on defendant's Crim. P. 35(b) motion. He argues that Judge Bayless was required to rule on his Crim. P. 35(b) motion because § 17–27.7–104(2)(a), C.R.S.2004, requires that his motion must be heard by the judge who sentenced him. We disagree.

### A.

Defendant was convicted in June 2001 and sentenced by Judge Bayless about six weeks later. When Judge Meyer denied defendant's Crim. P. 35(b) motion, he was not imposing sentence in the first instance based on evidence presented at a recent trial. Instead, more than six months after trial, Judge Meyer considered whether defendant's successful completion boot camp warranted a reduction in the sentence.

### B.

Crim. P. 35(b) grants district courts authority to consider motions for reduction of sentence. Neither the language of the rule nor any Colorado appellate decision requires that such a motion be considered and resolved by the same judge who imposed sentence.

Although there is no constitutional right to be sentenced by the same judge who presided at trial, Crim. P. 25 provides that any judge regularly sitting in or assigned to a court may perform postverdict duties if the judge before whom the defendant was tried is unable to perform them by reason of absence from the district, death, sickness, or other disability. Crim. P. 25; *People v. Koehler*, 30 P.3d 694, 696 (Colo.App.2000)(citing *United States ex rel. Fields v. Fitzpatrick*, 548 F.2d 105 (3d Cir.1977)).

In *People v. Little*, 813 P.2d 816 (Colo.App. 1991), a division of this court concluded that the reason for the substitution should appear in the record and remanded that case for a statement of the reason why sentence was imposed by a judge who did not preside at the defendant's trial.

Thus, neither the federal constitution, state constitution, Crim. P. 25, nor *People v. Little* grants a defendant the right to be sentenced by the same judge who presided at trial. In addition, Crim. P. 35(b) does not grant a defendant the right to have his motion for reduction of sentence resolved by the same judge who first imposed the sentence.

### C.

The purposes of the boot camp program in which defendant participated are to benefit the state by reducing prison overcrowding and to benefit prisoners by promoting their personal development and self-discipline. Section 17–27.7–101, C.R.S.2004; *Keller v. People*, 29 P.3d 290 (Colo.2000).

In furtherance of those purposes, § 17–27.7–104(2)(a) requires that, when an offender successfully completes boot camp, the offender must automatically be referred to "the sentencing court" so that he "may make a

motion for reduction of sentence pursuant to [Crim. P. 35(b) ]."

### D.

▮ When interpreting statutes, we must determine and give effect to the intent of the General Assembly. *Dworkin, Chambers & Williams, P.C. v. Provo,* 81 P.3d 1053 (Colo.2003); *Jones v. Indus. Claim Appeals Office,* 87 P.3d 259 (Colo.App.2004). We construe the statute as a whole, in an effort to give consistent, harmonious, and sensible effect to all its parts. *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023 (Colo.2004). We read words and phrases in context and construe them according to the rules of grammar and common usage. Section 2–4–101, C.R.S.2004; *Bralish v. Indus. Claim Appeals Office,* 81 P.3d 1091 (Colo.App.2003). We do not depart from the plain meaning of statutory provisions unless it leads to an absurd result. *Peregoy v. Indus. Claim Appeals Office,* 87 P.3d 261 (Colo.App.2004).

### E.

Here, we conclude that Crim. P. 35(b) does not require that a motion for reduction of sentence be considered and resolved by the same judge who imposed sentence. We also conclude that consideration and resolution of such a motion does not constitute a postverdict duty of a judge who presides at the time of verdict and, therefore, that Crim. P. 25 does not apply to motions for reduction of sentence. We decline to extend Crim. P. 25 to postsentencing proceedings.

Ascribing the plain meaning to the words and phrases in § 17–27.7–104(2)(a), we conclude that the requirement to refer offenders who complete boot camp to "the sentencing court" refers to the court where the sentence was imposed and not to the judge who imposed sentence. We perceive no basis to conclude that the purposes of § 17–27.7–101, et seq., would be diminished or impeded if a defendant's motion for reduction of sentence were considered and resolved by a judge other than the one who imposed sentence.

Therefore, because the district court had jurisdiction regarding defendant's Crim. P. 35(b) motion in case number 01CR425, and because Judge Meyer is a judge of the district court and is empowered to rule on such motions, we conclude that Judge Rivera properly denied defendant's motion to vacate Judge Meyer's ruling on his Crim. P. 35(b) motion in that case.

### II.

▮ To the extent that defendant challenges the January 2002 denial of his Crim. P. 35(b) motions, we lack jurisdiction to consider the issue.

Defendant's motions were denied on January 4, 2002, and he did not file his notice of appeal until March 26, 2003, more than a year out of time. *See* C.A.R. 4(b)(1) (notice of appeal by a defendant in a criminal case shall be filed in the appellate court within forty-five days after entry of the order being appealed).

Defendant's subsequent motion for disposition did not toll the period for filing a notice of appeal regarding the January 4, 2002, order. *See People v. Adams,* 905 P.2d 17 (Colo.App.1995); *People v. Retallack,* 804 P.2d 279 (Colo.App.1990)(in sentencing context, motion filed after entry of order challenged on appeal does not extend time for filing notice of appeal).

Therefore, we do not have jurisdiction to consider defendant's appeal of the January 2002 order.

This appeal is dismissed as to Judge Meyer's order dated January 4, 2002. Judge Rivera's order dated February 28, 2003, is affirmed.

Judge ROTHENBERG and Judge CASEBOLT concur.