COURT OF APPEALS OF VIRGINIA

Present:    Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


GREGORY GRANDISON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1472-04-4          JUDGE ROSEMARIE ANNUNZIATA
                                                    OCTOBER 25, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

Crystal A. Meleen (Lopez, Meleen & Sprano, PLC, on brief), for
appellant.

Stephen R. McCullough, Assistant Attorney General (Judith
Williams Jadgmann, Attorney General, on brief), for appellee.


Gregory Grandison appeals his conviction of distributing cocaine, for which he was

sentenced to twenty years of imprisonment and a $1,000 fine.  On appeal, Grandison contends the

presiding judge at the sentencing hearing abused his discretion by refusing to continue the hearing

to permit Grandison to be sentenced by the judge who presided at trial.  Grandison also argues the

trial judge erred in allowing court staff to communicate with the jury and in instructing the jury on

distribution of cocaine as a second offense.  For the reasons that follow, we affirm appellant's

conviction.

BACKGROUND

On March 12, 2004, Judge Arthur V. Sinclair presided at Grandison's jury trial upon an

indictment charging him with distributing cocaine.  The Commonwealth's evidence included the

presentation of a videotape in which Grandison was depicted taking an item from another person

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and handing it to the driver of a van. The activity occurred in an area known as a "high drug" area in Winchester. The jury found Grandison guilty of the charged offense.

At the sentencing phase of trial, the Commonwealth introduced certified copies of orders indicating Grandison previously had been convicted of unlawfully shooting into an occupied vehicle and four offenses of distributing cocaine.[1] Without objection from Grandison, Judge Sinclair instructed the jury as follows:

> You have found the defendant guilty of the distribution of cocaine.
>
> If you find the defendant has a previous conviction for the distribution of cocaine you shall fix his punishment at imprisonment for life or for any period not less than five years and a fine of a specific amount but not more than $500,000.
>
> If you find the defendant has no prior convictions for distribution of cocaine, you shall fix his punishment at imprisonment for not less than five years nor more than forty years and a fine of a specific amount but not more than $500,000.

After the jury began its sentencing deliberations, the bailiff informed the trial judge that the jury did not understand how much time Grandison previously had spent in the penitentiary. The following exchange occurred:

> [PROSECUTOR]:    I do not think we go by to try and figure that out, Judge frankly. I think the documents speaks for itself. You have got twenty years, ten suspended, ten to serve to run concurrently on all four charges. How much time he actually spent, I do not think they get to . . . I do not think we could figure out the time.
>
> THE BAILIFF:  Judge, I do not think they know what concurrent means.

---

[1] The conviction orders reflected that all the cocaine distribution convictions occurred in the Circuit Court of the City of Winchester on the same date. Each of the conviction orders stated that Grandison's sentence was twenty years of imprisonment, with ten years suspended, and a fine of $5,000. Three of the sentences were ordered to run "concurrently with any other sentence imposed against the defendant on this date in the City of Winchester."

[PROSECUTOR]: Well we could explain . . . I think the Court could explain that, in effect to that. I do not think we go beyond that as to how many days he actually served.

THE COURT: Let me go with the bailiff to the door here and just ask them if they understand "concurrent." And, if they do not, I will tell them that it means "together."

The defense attorney agreed with the prosecutor, stating "the documents speak for itself. Any amount of time he actually served should be irrelevant."

The jury was brought into the courtroom. The jury foreperson asked for information regarding the amount of time Grandison had spent in prison for his prior offenses. Judge Sinclair responded:

[T]hat point of how much time has he served is really irrelevant. The important part about it is the time that he was given originally by the Court, which is in these papers. But, I did not read them closely enough to know whether any of them were to be served concurrently with another. But, if they were concurrent, that would mean two sentences or more that would be served at the same time.

The jury foreperson then raised a question about the four drug convictions having the same date. The prosecutor stated that conviction orders contained no information regarding whether the offenses all occurred on the same day. The jury then resumed its deliberations.

As the jury was about to enter the courtroom to deliver its sentencing verdict, the prosecutor stated that "there is a question for the jury of whether or not they should . . . they have to . . . a fine is required." Judge Sinclair stated the jury was required to levy a fine as a part of the sentence. The following conversation then transpired:

[PROSECUTOR]: The Court instructed that some fine was required and that was relayed by the Clerk; is that correct?

THE CLERK: That is correct.

[PROSECUTOR]: Thank you.

THE CLERK: A fine within the limits stated in the verdict form.

- 3 -

The jury entered the courtroom and rendered its sentencing recommendation of twenty years of imprisonment and a fine of $1,000. The defense requested that Grandison's sentencing hearing be scheduled for a date when Judge Sinclair would be present in court. The sentencing hearing was set for April 26, 2004.

Grandison's sentencing hearing commenced on the morning of April 27, 2004, before Judge John Wetsel. At the outset of the hearing, defense counsel indicated he had "Mr. Grandison from yesterday."[2] Defense counsel moved to continue the sentencing to a day when Judge Sinclair would be present. Judge Wetsel denied the motion. After further discussion, defense counsel stated, "Yeah, we will go ahead and do it today, Your Honor." Judge Wetsel obtained a copy of the presentence report, which contained a summary of the evidence presented at trial. Furthermore, Judge Wetsel indicated he had viewed the videotape of the incident. Judge Wetsel sentenced Grandison in accordance with the jury's recommendation, but suspended thirteen years of the sentence as well as the fine.

I.

Grandison contends that Judge Wetsel erred in refusing to continue the sentencing hearing to permit him to be sentenced by Judge Sinclair, who presided at trial. Grandison argues the denial of a continuance violated Virginia statutes as well as his constitutional right to due process. The Commonwealth contends Grandison's objection at trial was insufficiently specific to encompass his claims that the procedure violated Virginia statutes or his right to due process. In addition, the Commonwealth asserts, Grandison agreed to be sentenced by Judge Wetsel on the date of the sentencing hearing.

---

[2] The record does not reflect the reason why Grandison's sentencing did not occur on April 26.

We agree with the Commonwealth. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 applies to bar even constitutional claims that were not raised at trial. See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

At sentencing, appellant advanced no specific reason why he was entitled to be sentenced by Judge Sinclair. The extent of Grandison's objection was that he was moving for a continuance to a day when Judge Sinclair would be present. Accordingly, Rule 5A:18 bars our consideration of the arguments Grandison advances on appeal.

Moreover, after Judge Wetsel denied his motion for a continuance, Grandison acquiesced in the decision and agreed to proceed with sentencing that day. "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

The record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

> "[T]he ends of justice exception is narrow and is to be used sparingly . . . ." "[I]t is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial . . . ." In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred. The trial error must be "clear, substantial and material."

Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (citations omitted).

Grandison has not demonstrated that a miscarriage of justice occurred. See People v. Banuelos-Landa, 109 P.3d 1039, 1040 (Colo. Ct. App. 2004) (stating "there is no constitutional right to be sentenced by the same judge who presided at trial"). The record indicates Judge Wetsel, at the time of sentencing, was familiar with the underlying circumstances of Grandison's conviction. Judge Wetsel possessed a copy of the presentence report, and heard the prosecutor's recitation of the facts. Judge Wetsel also indicated he had viewed the videotape of the transaction. Accordingly, we decline to invoke either exception to Rule 5A:18.

## II.

Grandison contends the communications by the bailiff and the clerk with the jury at the sentencing phase at trial violated his constitutional rights to due process and to counsel. He argues that Judge Sinclair erred in advising the jury that the amount of time Grandison had served in the penitentiary was irrelevant. Grandison also argues that Judge Sinclair erred in instructing the jury, at the sentencing phase, regarding the applicable range of sentence if the jury found Grandison previously had been convicted of distributing cocaine. However, at no point during the proceedings below did Grandison raise any of these arguments or contend the sentencing phase of his jury trial was flawed.

Grandison concedes he did not satisfy the requirements to preserve these arguments for appeal pursuant to Rule 5A:18, but asks this Court to apply the "ends of justice" exception to the contemporaneous objection rule. However, "[e]rror alone, even a violation of constitutional principles, is not sufficient to warrant application of the ends of justice exception to Rule 5A:18." West v. Commonwealth, 43 Va. App. 327, 339, 597 S.E.2d 274, 279 (2004).

Grandison does not demonstrate, nor does the record reflect, that the exchanges between the bailiff, the clerk, Judge Sinclair, and the jury resulted in a miscarriage of justice. Judge Sinclair appropriately responded to the jury's inquiries regarding Grandison's prior terms in

prison and advised that the jury was required to include a fine as a part of his sentence. Defense counsel expressly agreed with the judge's responses to the jury's questions.

Moreover, the jury's sentencing verdict was within the range of punishment for either a first or subsequent conviction of cocaine distribution. Thus, we cannot determine whether the jury was influenced by the presence in the sentencing instruction of language regarding a subsequent conviction of cocaine distribution. Because Grandison has failed to demonstrate that a miscarriage of justice has occurred, we find no reason to invoke the ends of justice exception with regard to these issues.

## CONCLUSION

For the foregoing reasons, Grandison's conviction is affirmed.

<u>Affirmed.</u>