The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Terry Lee BENAVIDEZ, Defendant–Appellant.

No. 08CA1282.

Colorado Court of Appeals, Div. II.

Sept. 3, 2009.

As Modified on Denial of Rehearing Oct. 15, 2009.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Elizabeth Porter–Merrill, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Terry Lee Benavidez, appeals the consecutive sentence imposed following his conviction of second degree assault committed while lawfully confined or in custody. We affirm.

## I. Background

Defendant was in custody awaiting disposition of pending charges in two separate cases when he assaulted an officer working in the detention facility. He was then also charged with second degree assault in violation of section 18–3–203(1)(f), C.R.S.2008. In a consolidated disposition, defendant pleaded guilty to one count each of theft from a person, misdemeanor assault, and second degree assault of a peace officer; the remaining charges were dismissed. The district court sentenced defendant to (1) concurrent terms of six years in the custody of the Department of Corrections (DOC) and two years in jail on the theft and misdemeanor assault convictions, respectively, and (2) six years in the custody of the DOC on the second degree assault of a peace officer conviction, to be served consecutively to the sentences for theft and misdemeanor assault. The court noted that although it had discretion whether to impose consecutive sentences in some cases, in this instance section 18–3–203(1)(f) required that the sentences be consecutive.

On appeal, the single issue raised by defendant is whether the district court misapprehended the scope of its discretion at sentencing when it concluded that section 18–3–203(1)(f) required consecutive sentences. We conclude that it did not.

## II. Standard of Review

The interpretation of a statute is a question of law, which we review de novo. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). Our primary task when construing a statute is to give effect to the General Assembly's intent, and we determine that intent primarily from the plain language of the statute. *Romero v. People*, 179 P.3d 984, 986 (Colo.2007). We construe the statute as a whole, in an effort to give consistent, harmonious, and sensible effect to all its parts, and we read words and phrases in context and construe them according to the rules of grammar and common usage. *People v. Banuelos–Landa*, 109 P.3d 1039, 1041 (Colo.App.2004). If the statutory language is clear and unambiguous, we do not engage in further statutory analysis. *Romero*, 179 P.3d at 986. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *see also Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). A statutory interpretation leading to an illogical or absurd result will not be followed, and we avoid constructions that are at odds with the legislative scheme. *See People v. Tixier*, 207 P.3d 844, 847 (Colo.App.2008).

## III. Discussion

Under section 18–3–203(1)(f), a person commits the crime of second degree assault when:

> while *lawfully confined or in custody as a result of being charged with or convicted of a crime,* ... he or she knowingly and violently applies physical force against a person engaged in the performance of his or her duties while employed by or under contract with a detention facility.

(Emphasis supplied.) The statute also contains the following sentencing provision: "A sentence imposed pursuant to this paragraph (f) shall be served in the department of corrections, *and shall run consecutively with any sentences being served by the offender* ...." (Emphasis supplied.)

Defendant contends that the phrase "any sentences being served by the offender" must be read to mean that any sentence imposed for second degree assault on a peace officer pursuant to section 18–3–203(1)(f) shall be made consecutive only to "any sentence being served by the offender *at the time of the assault*." Thus, defendant argues, because he was not yet serving a sentence for theft and misdemeanor assault at the time of the second degree assault, the statute did not require that the sentence for the latter offense be consecutive to the sentence for the former. We disagree for two reasons.

First, and most obviously, defendant's proposed construction would require that the phrase "at the time of the assault" be read into the statute. But, in interpreting a stat-

ute, we must accept the General Assembly's choice of language and not add or imply words that simply are not there. *Turbyne v. People,* 151 P.3d 563, 567–68 (Colo.2007); *see People v. Guenther,* 740 P.2d 971, 976 (Colo. 1987) (it is presumed that the legislature understands the import of the words it uses and is deliberate in its choice of language).

Indeed, had the legislature intended to make sentences for assault of a peace officer or worker in a detention facility consecutive only to the sentence being served at the time of the assault, it knew how to do so. *See, e.g.,* § 18–8–209, C.R.S.2008 (specifically stating, with regard to convictions involving escape or other offenses related to custody, that "[a]ny sentence imposed following conviction of an offense under [certain enumerated sections] shall run consecutively ... with any sentence which the offender was serving at the time of the conduct prohibited by those sections"); *see also Turbyne,* 151 P.3d at 568 (refusing to add words to the express consent law not included by the legislature); *People v. Jaramillo,* 183 P.3d 665, 671 (Colo.App.2008) (refusing to limit the word "fractures" in the definition of serious bodily injury in the Criminal Code to bone fractures when the word "bone" was not included in the statute at issue and noting use by the legislature of the term "bone fracture" in other, unrelated statutory provisions).

Second, defendant's interpretation is contrary to the statute's clearly expressed intent.

■ As pointed out above, by its terms, section 18–3–203(1)(f) imposes sanctions on assaults which occur not only when an offender has been convicted and is serving a sentence, but also when an offender is confined or in custody *"as a result of being charged with"* a crime. § 18–3–203(1)(f) (emphasis supplied). Thus, as shown by this plain language, the purpose of the statute is to punish offenders who engage in assaultive behavior toward workers at the detention facility while confined, regardless of whether they have already been convicted of and sentenced for another crime.

■ Interpreting the statute to limit the requirement of consecutive sentences to only those offenders who commit assaults while confined after a conviction, as defendant suggests, is inconsistent with the clearly expressed intent of the legislature to deter any assaults against peace officers and other workers within custodial settings by mandating additional punishment.

*People v. Andrews,* 855 P.2d 3, 5 (Colo. App.1992), *aff'd,* 871 P.2d 1199 (Colo.1994), which addressed similar language as set forth in section 18–8–208.1(2), C.R.S.2008, the attempted escape statute, is instructive. Like section 18–3–203(1)(f), section 18–8–208.1(2) provides that when a person attempts to escape while in custody or confinement, but that person is not yet convicted of a felony, the sentence for attempted escape "shall run consecutively with any sentences being served by the offender." To further the intent of the General Assembly to impose an additional sentence as punishment for the attempted escape, the *Andrews* division concluded that the reference to "any sentences being served by the offender" necessarily meant that the attempted escape sentence (as the assault sentence here) must be consecutive to any sentence ultimately imposed for the charges that were the cause of the confinement from which the offender attempted to escape. *See also People v. Eurioste,* 12 P.3d 847, 849 (Colo.App.2000) (section 18–8–208.1(2) requires that sentences imposed for attempted escape convictions run consecutively to the sentence for the "underlying felony").

Consequently, we conclude here that, because defendant was in custody awaiting disposition of other charges when he assaulted the officer at the detention facility, the sentencing court was required, pursuant to section 18–3–203(1)(f), to make his sentence for second degree assault consecutive to the sentences he received upon conviction for those other charges. Accordingly, contrary to defendant's contention, the court did not misapprehend the scope of its authority.

The sentence is affirmed.

RULAND * and NIETO *, JJ., concur.