2012 COA 158M

### The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

### Joseph Phillip DIAZ, Defendant–Appellant.

### No. 11CA0656.

Colorado Court of Appeals, Div. I.

Sept. 27, 2012.

Rehearing Denied Nov. 1, 2012.*

As Modified May 7, 2015.

---

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kathy Goudy, Carbondale, Colorado, for Defendant–Appellant.

* Russel, J., would grant.

Opinion by Judge J. JONES.

¶ 1 Defendant, Joseph Phillip Diaz, appeals the sentence entered on a jury verdict finding him guilty of second degree assault. We vacate the sentence and remand the case to the district court for resentencing.

## I. Background

¶ 2 On August 11, 2009, defendant punched a prison guard in the eye while serving a sentence on other charges (the first assault). On September 29, 2009, the People charged defendant with second degree assault of a detention center employee, *see* § 18–3–203(1)(f), C.R.S.2011, arising from that incident.

¶ 3 On October 22, 2009, defendant, while still serving a sentence on charges predating the first assault, threw a cup that hit a guard in the mouth (the second assault). The People then charged defendant in a separate case with second degree assault of a detention center employee for that incident.

¶ 4 Before trial in either of the assault cases, defendant finished serving the sentence he had been serving when he committed the assaults.

¶ 5 For reasons that the record does not make clear, the case involving the second assault was tried first. A jury found defendant guilty of the second assault. The court sentenced defendant to ten years in the custody of the Department of Corrections for that assault. The next day, a jury found defendant guilty of the first assault. The court imposed a sentence of ten years in prison for that conviction and, purporting to apply § 18–3–203(1)(f), ordered that sentence to be served consecutively to the sentence previously imposed for the second assault. This appeal concerns the sentence imposed for the first assault.

## II. Discussion

¶ 6 On appeal, defendant contends that the district court erred by ruling that section 18–3–203(1)(f) requires that the sentence for the first assault be served consecutively to the sentence for the second assault. We agree.

### A. Standard of Review

¶ 7 Statutory interpretation presents a question of law that we review de novo. *People v. Turecek,* 2012 COA 59, ¶ 9, 280 P.3d 73. Our goals are to determine and give effect to the General Assembly's intent. *People v. Reyes,* 179 P.3d 170, 172 (Colo.App. 2007), *aff'd,* 195 P.3d 662 (Colo.2008). If the plain language of the statute, considered in context, is clear, we apply it as written. *People v. Davis,* 2012 COA 56, ¶ 13, 296 P.3d 219; *Clark v. People,* 221 P.3d 447, 448–49 (Colo.App.2009). But if the statutory language is susceptible of more than one reasonable interpretation, it is ambiguous and we may apply other rules of statutory interpretation. *Vensor v. People,* 151 P.3d 1274, 1277 (Colo.2007); *see* § 2–4–203, C.R.S.2011.

### B. Analysis

¶ 8 Section 18–3–203(1)(f) provides that if a defendant assaults a detention facility employee or contractor "[w]hile lawfully confined or in custody ... or, while lawfully confined or in custody as a result of being charged with or convicted of a crime ... [the] sentence imposed pursuant to this paragraph (f) shall be served in the department of corrections and shall run consecutively with any sentences being served by the offender...."

¶ 9 In *People v. Benavidez,* 222 P.3d 391 (Colo.App.2009), the defendant assaulted an officer while being held on unresolved charges. The district court ultimately ordered the sentence for the assault to be served consecutively to the sentences imposed on the other charges for which he had been confined when he committed the assault. On appeal, the defendant argued that section 18–3–203(1)(f) requires consecutive sentencing only when a defendant is serving a sentence (and not merely confined on unresolved charges) at the time of the assault. A division of this court disagreed. *Id.* at 393. The division held that the plain language of the statute clearly showed the General Assembly's intent to require consecutive sentencing when "an offender is confined or in custody 'as a result of being charged with' a crime." *Id.* at 394 (quoting § 18–3–203(1)(f)). The division reasoned that this result is re-

quired by the plain language of the statute, which is intended "to punish offenders who engage in assaultive behavior toward workers at the detention facility while confined, regardless of whether they have already been convicted of and sentenced for another crime." *Id.*

¶ 10 The division also analogized section 18–3–203(1)(f) to the attempted escape statute addressed in *People v. Andrews,* 855 P.2d 3 (Colo.App.1992), *aff'd,* 871 P.2d 1199 (Colo. 1994). *See Benavidez,* 222 P.3d at 394. The attempted escape statute, section 18–8–208.1(2), C.R.S.2011, provides in relevant part that a sentence imposed thereunder "shall run consecutively with any sentences being served by the offender." The *Andrews* division held that this means that the attempted escape sentence must be served consecutively to any sentence ultimately imposed for the charges that were the cause of the confinement from which the offender attempted to escape. *Andrews,* 855 P.2d at 4–5; *see Benavidez,* 222 P.3d at 394 (so construing *Andrews* ).

¶ 11 Defendant urges us not to follow *Benavidez.* The People, of course, urge us to follow *Benavidez.* We agree with the division's holding in *Benavidez,* but we conclude that it does not apply directly to the facts of this case. Unlike the situation in *Benavidez* (and that in the analogous statutory context in *Andrews* ), the sentencing court in this case did not order the assault sentence to be served consecutively to any sentence imposed on a charge for which defendant was confined when he committed the first assault.

■ ¶ 12 Turning back then to the language of the statute, we conclude that the meaning of the phrase "any sentences being served by the offender" is ambiguous as to the point in time to which it refers. Is it at the time of sentencing for the assault, as the dissent believes? Or is it at the time of the assault? We hold that it is the latter (subject to the interpretation applied by the Benavidez division).[1]

¶ 13 To see why this is so, it is useful to consider two particular scenarios in which a defendant could be sentenced for violating section 18–3–203(1)(f).

¶ 14 Scenario 1: The defendant assaults a detention facility employee while serving a sentence or confined on an unresolved charge. He then completes the sentence he was serving, or the pending charge for which he had been confined is resolved in such a way that he is not serving a sentence when he is ultimately sentenced on the assault charge. In the interim between the assault and his sentencing therefor, however, the defendant commits and is charged with another offense. The court sentences the defendant for the assault conviction before there is any resolution of the charge he committed after the assault. In this scenario, the court cannot order mandatory consecutive sentencing for the assault because there is no sentence to which the assault sentence can be served consecutively.

¶ 15 Scenario 2: Assume the same facts as in Scenario 1, except that the defendant is sentenced for the offense he committed after the assault before he is sentenced for the assault. This is the situation in this case.

¶ 16 It does not make sense to require consecutive sentencing in Scenario 2 because it differs from Scenario 1 only in the timing of the sentencing proceedings, a circumstance which has nothing to do with the facts surrounding the commission of the assault. Indeed, where a defendant is charged in separate cases, which case is resolved first often is outside of a defendant's control. Even when partially within a defendant's

---

1. The language at issue was part of an amendment proposed to House Bill 76S–1001. The audiotape of the hearing before the House Judiciary Committee on September 15, 1976, at which the amendment was proposed, discloses that the amendment that was proposed and approved was that any sentence "shall be served consecutively with the sentence for which the person was originally confined." For some reason lost to history, the person who made a written record of action at the hearing recorded that amendment using language different from that actually spoken, language virtually identical to what ended up in the statute. We also observe that the language in section 18–8–208.1 regarding consecutive sentencing is identical to that actually proposed and approved at the House Judiciary Committee hearing on House Bill 76S–1001. The relevant language in section 18–8–208.1 was part of House Bill 76S–1007, considered and adopted at the same time as House Bill 76S–1001.

control, a defendant often will have good reasons for an earlier-filed case to be resolved after a later-filed case. Mandatory imposition of a consecutive sentence in circumstances like those here would not punish the defendant for the assault; it would effectively punish him for being sentenced at a particular time in relation to a wholly unrelated charge.

¶ 17 Further, requiring a consecutive sentence in Scenario 2, when a consecutive sentence could not be imposed in Scenario 1, would give rise to serious equal protection concerns. This is because there would seem to be no rational basis for requiring consecutive sentencing based on the relative timing of the relevant sentencing proceedings, when one offense has no connection to the other and the timing could be the result of circumstances utterly outside of the defendant's control or of decisions made to protect the defendant's legal rights. We should interpret the statute so as to avoid such concerns. *See Juhl v. People,* 172 P.3d 896, 901 (Colo.2007) (the court should avoid any interpretation of a statute that raises constitutional concerns); *People v. Bondurant,* 2012 COA 50, ¶ 13, 296 P.3d 200 (where statute is ambiguous, court should adopt interpretation that comports with constitutional standards); *see also People v. Gallegos,* 946 P.2d 946, 951 (Colo.1997) (an appellate court presumes that the General Assembly intended a just and reasonable result).[2]

¶ 18 We also observe that the statute governing sentencing for escape from custody or confinement, section 18–8–209, C.R.S.2011, requires a sentence for escape to "run consecutively and not concurrently with any sentence which the offender was serving at the time of" the escape. Though this language differs somewhat from that in the *attempted* escape statute, section 18–8–208.1, we can think of no rational reason why the General Assembly would intend mere attempted escape to be punished more harshly than successful escape (a result the dissent's interpretation would allow). Therefore, we see no reason why the slight difference in the language of the two statutes requires different interpretations. And, because the relevant language of the assault statute, section 18–3–203(1)(f), is the same as that in section 18–8–208.1, we further see no reason to accord any significance to the slight difference in language used in sections 18–3–203(1)(f) and 18–8–209.

¶ 19 Therefore, we conclude that the district court erred in ruling that it was required by section 18–3–203(1)(f) to order the sentence for the first assault to run consecutively to the sentence for the second assault.

¶ 20 Nonetheless, defendant concedes, and we agree, that the court had discretion to order the sentence for the first assault to run consecutively to the sentence for the second assault. *See People v. Herrera,* 2012 COA 13, ¶ 46, 272 P.3d 1158. On remand, the court must exercise its discretion in determining whether the sentence for the first assault should be served consecutively to the sentence for the second assault.[3]

¶ 21 The sentence is vacated and the case is remanded for resentencing.

---

**2.** The dissent purports to merely apply the statute as written, saying that the language thereof providing that the sentence must run consecutively "with any sentence being served" necessarily means "being served at the time of sentencing." But quoting the statute simply begs the question: "with any sentence being served" when? The statute does not say, and is susceptible of different reasonable interpretations. Resolving this ambiguity necessarily involves adding to the statute only in the general, unobjectionable sense of determining the point in time to which the statute refers. And although the dissent posits that, in another context, differing treatment of offenders still could result from our interpretation of the relevant phrase, we do not see that as a reason to allow possibly unconstitutional differing treatment to occur in this context.

**3.** We note that because defendant was in custody when he committed the second assault, the court may have been required to impose the sentence for the second assault to run consecutively to any sentence to be imposed for the first assault, depending on whether defendant was in custody for the first assault when he committed the second. § 18–3–203(1)(f); *Benavidez,* 222 P.3d at 394. The sentence for the second assault is not before us in this case, however, so we express no opinion on the legality of that sentence.

Judge TAUBMAN concurs.

Judge RUSSEL dissents.

Judge RUSSEL dissenting.

¶ 22 The legislature has declared that sentences for certain second degree assaults "shall run consecutively with any sentences being served by the offender." § 18–3–203(1)(f), C.R.S.2011. This case turns on the meaning of the phrase "with any sentences being served."

¶ 23 I think this phrase means just what it says—"with *any* sentences being served" (emphasis added). In my view, the statute requires the court to impose a consecutive sentence if, at the time of sentencing, the defendant has another term to serve. (Obviously, the majority and I agree that a court cannot impose consecutive sentences if the defendant has but one term to serve.)

¶ 24 The majority interprets this phrase differently. In its view, the statute requires a consecutive sentence only if, at the time of the assault, the offender (1) was serving a sentence that is still in effect at the time of sentencing, or (2) was held for misconduct that resulted in a sentence still in effect at the time of sentencing.

¶ 25 I think my interpretation is better for two reasons:

1. It is more faithful to the statutory text. Although other statutes contain the kinds of limitations that the majority recognizes here, the second degree assault statute does not. *Compare* § 18–8–209(1), C.R.S.2011 (sentence for escape "shall run consecutively and not concurrently with any sentence which the offender was serving at the time of the conduct prohibited by those sections"), *with* § 18–3–203(1)(f) (sentence for second degree assault "shall run consecutively with any sentences being served by the offender"). Courts should avoid adding limitations that do not appear in the statutory text. *See Turbyne v. People*, 151 P.3d 563, 567 (Colo.2007) ("We do not add words to the statute or subtract words from it.").[1]

2. It better serves the statute's underlying purpose. The legislature intended to discourage assaults against peace officers, firefighters, and other official actors. It sought to do this by requiring sentences for such assaults to be served *in addition* to other sentences that an offender may be serving. Under my interpretation, the statute's deterrent effect is more robust.

¶ 26 I recognize that, under my interpretation, the result in certain cases could depend on the order of the defendants' sentencing hearings. But I am not persuaded that the possibility of differing treatment creates an insurmountable equal protection problem. More importantly, I do not think that my interpretation should be rejected over this concern because I believe that the same concern exists under the majority's view.[2]

¶ 27 Indeed, I wonder whether, as a consequence of the majority's interpretation, such a result occurred here. Although the record is unclear, it is possible that defendant was in

---

1. The majority notes that the attempted escape statute contains the language at issue here—"any sentences being served by the offender." *See* § 18–8–208.1, C.R.S.2011. And it suggests that this language should mean the same thing in both the second degree assault and attempted escape statutes. I agree, but I fail to see why my interpretation cannot apply in both instances. Unlike the majority, I think my interpretation squares with the holding in *People v. Andrews*, 855 P.2d 3, 4–5 (Colo.App.1992), *aff'd*, 871 P.2d 1199 (Colo.1994).

2. Consider this scenario. While in custody on burglary charges, Fred assaults a guard. He is convicted of burglary and, later, is convicted of assault. Under the majority's interpretation, the result could depend on the order of Fred's sentencing hearings:

- If Fred is sentenced for the burglary first, the court will be required to impose a consecutive sentence for assault. § 18–3–203(1)(f); *People v. Benavidez*, 222 P.3d 391, 393–94 (Colo.App.2009).
- If Fred is sentenced for the assault first, the court cannot impose a mandatory consecutive sentence under section 18–3–203(1)(f). This is true because, at the first sentencing hearing, Fred has no other term to serve. *See People v. Flower*, 644 P.2d 64, 65–66 (Colo.App.1981), *aff'd*, 658 P.2d 266 (Colo. 1983). And though the court will have discretion to impose a consecutive sentence for the burglary, such a sentence is not required.

custody for the first assault when he committed the second assault. If so, under the majority's interpretation, the result here depends solely on the order in which the sentences were imposed: consecutive sentences would have been required if defendant had been sentenced first for the first assault; but consecutive sentences are not required because defendant was sentenced first for the second assault. In my view, this is not the "just and reasonable result" that the legislature is presumed to have intended. *See People v. Gallegos*, 946 P.2d 946, 951 (Colo.1997).

¶ 28 I think that the trial court properly applied section 18–3–203(1)(f) in sentencing defendant to a consecutive term. I would affirm the court's order and therefore respectfully dissent.